CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLAUDE ARNOLD PERKINS, JR., | ) | Civil Action No. 7:15-cv-00459 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DIRECTOR FOR THE VA. | ) | By: Hon. Michael F. Urbanski |
| DEPT. OF CORRECTIONS, | ) | United States District Judge |
| Respondent. | ) | |

Claude Arnold Perkins, Jr., a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement pursuant to the January 9, 2015, judgment of the Circuit Court of Roanoke City. After reviewing the petition, the court finds that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row convict can exhaust state remedies in one of three ways, depending on the nature of the claims raised. First, the convict can file a direct appeal to the Virginia Court of Appeals with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the convict. VA. CODE § 17.1-411. Second, the convict can attack the conviction collaterally by filing a state habeas petition with the circuit court where the convict was convicted and then appealing an adverse decision to the Supreme Court of Virginia. Id. § 8.01-

---

[1] A petition may be dismissed pursuant to Rule 4 if it is clear from the petition that a petitioner is not entitled to relief.

654(A)(1); Va. Sup. Ct. R. 5:9(a). Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia. VA. CODE § 8.01-654(A)(1). Whichever route is taken, the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. A habeas petitioner has not exhausted state remedies if the petitioner has the right under state law to raise the question presented by any available procedure and fails to do so. 28 U.S.C. § 2254(c).

The petition clearly shows that Petitioner has not presented claims to the Supreme Court of Virginia.[2] Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition.[3] Based upon the finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 9th day of September, 2015.

/s/ Michael F. Urbanski
United States District Judge

---

[2] Petitioner acknowledges in the petition that he has not presented the instant habeas claims to the Supreme Court of Virginia, either via a state habeas corpus petition or an appeal from the Court of Appeals of Virginia.

[3] Petitioner may refile his federal habeas petition if he unsuccessfully presents the claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state and federal habeas petitions is limited. See 28 U.S.C. § 2244(d); VA. CODE § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).